IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

Civil Division

**BROOKSIDE PARK CONDOMINIUM, INC.**
c/o Rogal Real Estate, Inc.
4425 Forbes Blvd., Suite 1
Lanham, Maryland 20706

FILED

DEC 27 2013

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

Plaintiff

v.

**MILLERS CAPITAL INSURANCE COMPANY**
a/k/a Millers Mutual Insurance Company
a/k/a Millers Mutual Group
**SERVE:** Maryland Insurance Commissioner
       200 St. Paul Place
       Suite 2700
       Baltimore, Maryland 21202

Defendant

Case No.

CAL13 – 37828

## COMPLAINT FOR BREACH OF CONTRACT

Comes now Plaintiff, Brookside Park Condominium, Inc., (hereinafter referred to as "Brookside Park") by counsel, Corinne G. Rosen, Esq., a files this Complaint for Breach of Contract against Defendant, Millers Capital Insurance Company a/k/a Millers Mutual Insurance Company a/k/a Millers Mutual Group (hereinafter referred to as "Millers"), and for reasons states:

1. Plaintiff Brookside Park Condominium, Inc. is a Condominium located in Oxon Hill, Maryland.

2. Millers was Brookside Park's master insurance provider. Brookside Park secured and maintained in force and effect at all relevant times herein a Master Insurance policy, BOPS002393-01 ("the Policy") from Millers for property damage coverage, loss of business income, and liability coverage. The Condominium paid a $98,039.00 annual premium. Under the policy, Millers is

1

required to pay for losses covered under the policy, including but not limited to losses caused by fire.

3. The Policy provides that buildings, meaning the buildings and the structures, are "covered property", and that Millers will pay for direct loss or damage to Covered Property at the premises as described in the Declarations caused by or resulting from any Covered Cause of Loss.

4. On or about December 26, 2009, a fire occurred at Brookside Park rendering 24 units at Brookside Park uninhabitable and causing severe damage to the Condominium buildings generally.

5. The Policy provided for coverage to rebuild the damaged buildings ad structures in accordance with the original construction and for upgrades required by Code or other ordinance or law.

6. Brookside Park subsequently retained Rolyn Companies, Inc. (hereinafter referred to as "Rolyn")pursuant to an American Institute of Architects ("AIA") contract entered into between them on or about September 15, 2011, to perform the work to rebuild the fire damaged buildings and units for the sum of $1,976,117.35. There were subsequent change orders to the contract which brought the total contract price up to $2,210,021.89.

7. The standard practice for contracts of this magnitude, as set forth in the AIA contract between Rolyn and Brookside park is to designate and use an "Architect" to administer the contract generally, to visit the site regularly at various stages of the construction to ensure that the work is being performed in accordance with the contract, evaluate the work, review and certify amounts due to the contractor, reject work that does not conform to the contract and other related matters as set forth in the contract.

2

8. That Brookside Park designated, hired and paid Becht Engineering, Inc., (hereinafter referred to as "Becht") a qualified engineering firm with extensive experience in large projects of this nature,, to act as the "Architect" in the September 15, 2011 contract.

9. Brookside Park paid Becht the sum of $36,591.25 for its services as Architect under the September 15, 2011 contract, which services, and the expenses incurred by Brookside Park for such services, were necessary and critical to the reconstruction of the buildings, and as such are included in the reconstruction cost to required to be paid to Brookside Park by Millers under the Policy. Becht's invoices are fair and reasonable.

10. Brookside Park also reimbursed it's first contractor for this project ( Toepfer, who was later replaced by Rolyns), to obtain the permits for the reconstruction project. The cost of the permits was $5,724.00. The permits were required to undertake the reconstruction of the buildings.

11. In a Condominium, the Condominium's professional property manager is typically used by the Condominium to oversee a reconstruction project of this magnitude on behalf of the condominium, but such services are not included in the standard management fees paid to managers by condominiums for routine management services.  The Management Contract between Brookside Park and Rogal Real Estate, Inc. provides that Management is to be paid the sum of 15% of the total contract price of any casualty related reconstruction project it oversees on behalf of the Condominium.

12. Rogal Real Estate, Inc. did oversee the reconstruction of the buildings and structures herein, which services were necessary and critical to the reconstruction of the buildings, and as such are included in the reconstruction cost to required to be paid to Brookside Park by Millers under the Policy.  The total amount to be paid by Millers on behalf of Brookside Park to Rogal is $331,503.15.

3

13. Brookside Park submitted the claims herein to Millers for payment, and Millers denied the claims submitted by its insured, Brookside Park.

14. Millers denial of the above invoices submitted to it for payment by Brookside Park constitutes a breach of its insurance contract ("the Policy") with Brookside Park to pay property damage claims which are clearly covered by the Policy.

15. The reconstruction project for the buildings was substantially complete on or about September 8, 2013, and the units therein were open for occupancy on that date. Some additional construction work at the buildings is still ongoing, and Brookside Park continues to incur expenses for Becht and Rogal, and there will be additional invoices to be paid.

16. Brookside has incurred damages in the amount of $373,818.40 caused by Millers breach of the insurance contract between the parties, and will continue to incur damages.

17. Refusal by Millers to reimburse all or part of these fees and expenses constitutes a bad faith breach of the insurance contract ("the Policy").

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. That judgment be entered in favor of Plaintiff Brookside Park Condominium and against the Defendant Millers Capital Insurance Company a/k/a Millers Mutual Insurance Company a/k/a Millers Mutual Group, in the amount of $373,818.40, plus any additional amounts paid or to be paid by Plaintiff to Becht Engineering, Inc. and/or Rogal Real Estate, Inc., in connection with the September 15, 2011 reconstruction contract and/or any addendums thereto, in these proceedings.

b. That Plaintiff Brookside Park Condominium, Inc., be awarded its reasonable attorney's fees to prosecute this Complaint, plus court costs, expert witness fees, and litigation fees and

expenses, and judgment be entered against Millers Capital Insurance Company a/k/a

Millers Mutual Insurance Company a/k/a Millers Mutual Group for the same.

c.  To grant whatever other relief this Honorable Court deems just.

Respectfully submitted,

Corinne G. Rosen, Esq.
Attorney for Plaintiff Brookside Park Condominium
P.O. Box 493
Rockville, Maryland  20848-0493
(301) 460-4599